**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Nicholas Leoni**,<br><br>              Plaintiff,<br><br>vs.<br><br>**Goodfellas HVAC Incorporated**, an Arizona corporation, and **Brent Lush and Jane Doe Lush**, a married couple,<br><br>              Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Nicholas Leoni ("Plaintiff" or "Nicholas Leoni"), sues the Defendants Goodfellas HVAC Incorporated, and Brent Lush and Jane Doe Lush, (collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7.  At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.  At all material times, Defendant Goodfellas HVAC Incorporated was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Goodfellas HVAC Incorporated does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

9.  At all relevant times, Defendant Goodfellas HVAC Incorporated owned and operated as "Goodfellas HVAC," a heating and air conditioning company located in Tucson, Arizona.

10. Under the FLSA, Defendant Goodfellas HVAC Incorporated is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Goodfellas HVAC Incorporated had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant Goodfellas HVAC Incorporated in relation to the company's employees, Defendant Goodfellas HVAC Incorporated is subject to liability under the FLSA.

11. Defendants Brent Lush and Jane Doe Lush, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Brent Lush and Jane Doe Lush are owners of Goodfellas HVAC Incorporated and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Brent Lush and Jane Doe Lush are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Brent Lush and Jane Doe Lush had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Goodfellas HVAC in relation to the company's employees, Defendants Brent Lush and Jane Doe Lush are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

27.  Defendants own and/or operate as Goodfellas HVAC Incorporated, an enterprise located in Pima County, Arizona.

28.  Defendant Goodfellas HVAC Incorporated is a heating and air conditioning company located in Tucson, Arizona.

29.  Plaintiff was hired by Defendants as an installer on approximately August 15, 2021.

30.  At all relevant times, Plaintiff worked for Defendants until approximately October 20, 2021.

31.  At all relevant times, in his work for Defendants, Defendants paid Plaintiff by the job as opposed to hourly.

32.  Defendants, in their sole discretion, paid Plaintiff a rate of about between $250 and $300 per job completed.

33.  Plaintiff, in his work for Defendants, typically worked approximately between 40 hours in a given workweek.

34.  Plaintiff worked approximately 40 hours in his final week of work for Defendants.

35.  Plaintiff performed his final week of work in October 2021.

36.  Defendants failed to compensate Plaintiff any wage whatsoever for any of the jobs performed or the hours he spent working for Defendants in his final week of work.

37. On information and belief, Defendants owe Plaintiff for approximately 4 jobs completed.

38. On information and belief, Defendants owe Plaintiff approximately $1,000 for such jobs completed.

39. Alternatively, and at the very minimum, Defendants owe Plaintiff the applicable minimum wage and his regular rate of pay for all time spent working during his final workweek.

40. As a result of not having paid any wage whatsoever to Plaintiff during his final week of work with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

41. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever his final week of work, Defendants violated 29 U.S.C. § 206(a).

42. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for his final week of work, Defendants violated the AMWA, A.R.S. § 23-363.

43. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for his final week of work, Defendants violated the AWA, A.R.S., § 23-351.

44. Plaintiff was a non-exempt employee.

45. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

46. Plaintiff is a covered employee within the meaning of the FLSA.

47. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

48. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

49. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

50. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

51. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. As a result of not paying Plaintiff any wage whatsoever for the hours he worked during his final week of work, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

54. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

55. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Nicholas Leoni, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. As a result of not paying Plaintiff any wage whatsoever for the hours he worked in his final week of work, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

58. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

59. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Nicholas Leoni, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendant committed one of more of the following acts violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT
FAILURE TO PAY WAGES DUE AND OWING**

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

62. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

63. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendants.

64. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Nicholas Leoni, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

| | | |
|---|---|---|
| 1 | B. | For the Court to award an amount that is treble Plaintiff's unpaid wages |
| 2 | | pursuant to A.R.S. § 23-355, in amounts to be determined at trial; |
| 3 | C. | For the Court to award prejudgment and post-judgment interest on any |
| 4 | | damages awarded; |
| 5 | | |
| 6 | D. | For the Court to award Plaintiff's reasonable attorneys' fees and costs of |
| 7 | | the action and all other causes of action set forth in this Complaint; and |
| 8 | E. | Such other relief as this Court deems just and proper. |

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 6th day of April, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Nicholas Leoni, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

                                                   *Nicholas Leoni*
                                                   Nicholas Leoni

**Signature:** _____
Nicholas Leoni (Apr 7, 2022 11:04 PDT)

**Email:** nickleoni@yahoo.com